WALTERS, J.,
concurring.
I write to emphasize an important point that the majority makes and with which I agree: The Oregon automobile exception permits a showing, in an individual case, “that a warrant could have been drafted and obtained with sufficient speed to obviate the exigency.” State v. Andersen, 361 Or 187, 201, 390 P3d 992. Thus, although the majority does not overrule State v. Brown, 301 Or 268, 721 P2d 1357 *202 (1986), the majority recognizes that the exception created in that case is and must be aligned with other Oregon exigency exceptions to the warrant requirement.
This court has long held that Article I, section 9, does not require a warrant when exigent circumstances exist; that exigent circumstances exist when the facts demonstrate that the police must “act swiftly to prevent danger to life or serious damage to property, or to forestall a suspect’s escape or the destruction of evidence”; and that whether exigent circumstances exist must be determined based on the particular facts presented, and not on a categorical basis or pursuant to a per se rule. State v. Snow, 337 Or 219, 223-25, 94 P3d 872 (2004) (internal quotation marks omitted) (stating rule and finding that facts demonstrated exigent circumstances); State v. Stevens, 311 Or 119, 126-30, 806 P2d 92 (1991) (same); State v. Bridewell, 306 Or 231, 235-36, 759 P2d 1054 (1988) (facts did not demonstrate exigent circumstances); State v. Jimenez, 357 Or 417, 426, 353 P3d 1227 (2015) (refusing to adopt per se rule recognizing exigent circumstances in all instances); State v. Cocke, 334 Or 1, 9, 45 P3d 109 (2002) (declining to recognize per se exception to warrant requirement for “protective sweep,” but permitting use where particular circumstances justify it); State v. Guggenmos, 350 Or 243, 258-59, 253 P3d 1042 (2011) (reviewing totality of the circumstances to determine whether officers’ “sweep” justified by officer safety concerns); State v. Machuca, 347 Or 644, 656-57, 227 P3d 729 (2010) (refusing to recognize per se exigency rule and prohibiting warrantless searches and seizures to obtain blood alcohol evidence if facts of particular case establish that “⅛ warrant [could have been] obtained without sacrificing the evidence’” (quoting State v. Milligan, 304 Or 659, 665-66, 748 P2d 130 (1988))); see also State v. Moore, 354 Or 493, 497 n 5, 318 P3d 1133 (2013), adh’d to as modified on recons, 354 Or 835, 322 P3d 486 (2014) (noting that Machuca is consistent with federal constitutional law, which rejects a per se exigency rule for alcohol dissipation (citing Missouri v. McNeely, 569 US 141, 133 S Ct 1552, 185 L Ed 2d 696 (2013))).
In permitting that same case-by-case analysis when the state relies on the automobile exception to justify *203 a warrantless search, the majority assures that, unless exigent circumstances are actually present, a neutral magistrate, and not the individual who performs the search, will determine whether there is probable cause to search. That mode of analysis is essential to protect Oregonians’ right to privacy. Any other rule would “improperly ignore the current and future technological developments in warrant procedures,” and “diminish the incentive for jurisdictions ‘to pursue progressive approaches to warrant acquisition that preserve the protections afforded by the warrant while meeting the legitimate interests of law enforcement.’” McNeely, 133 S Ct at 1563 (quoting State v. Rodriguez, 570 Utah Adv Rep 55, 156 P3d 771, 779 (2007)).
When this court created the Oregon automobile exception in 1986, it expected that technological advances would occur and that this state would pursue progressive approaches to warrant acquisition. State v. Brown, 301 Or at 278 n 6. Those advances have occurred, and state law permits police departments to make use of them. ORS 133.545(8) authorizes the electronic transmission of proposed warrants and affidavits to a judge, as well as the electronic transmission of the signed warrant back to the person who made the application. In Multnomah County, warrant affidavits can be submitted “in person, by telephone or by email,” City of Portland Police Bureau Directives Manual, ch 652.00, and, in State v. Machuca, 231 Or App 232, 245, 218 P3d 145 (2009), an officer “conceded that he could have obtained a telephonic search warrant in one hour.”
Evidence from other jurisdictions suggests that police officers should be able to obtain warrants in less than one hour. In 1973, before the introduction of the first commercially available cell phone,[1] the San Diego District Attorney’s Office estimated that 95 percent of warrants were obtained in less than forty-five minutes. Comment, Oral Search Warrants: A New Standard of Warrant Availability, 21 UCLA L Rev 691, 694 n 23 (1973); see also People v. Blackwell, 195 Cal Rptr 298, 302 n 2 (Cal Ct App 1983) (citing same *204 estimate). In United States v. Baker, 520 F Supp 1080, 1084 (SD Iowa 1981), the district court concluded that the entire process of obtaining a warrant by telephone would have taken 20 to 30 minutes. And, in 2015, the New Jersey Supreme Court cited to a pilot projgram that examined 42 telephonic automobile search warrant applications and found that “[t]he average request for an automobile warrant took approximately 59 minutes, from the inception of the call to its completion.” State v. Witt, 223 NJ 409, 436, 126 A3d 850, 865-66 (2015).
However, the fact that that technology exists is just one factor in the exigency analysis that this case permits. If an officer testifies that, in the particular circumstances presented, the time it reasonably would have taken to get a warrant would have resulted in the destruction of evidence, then that testimony may demonstrate that a warrantless search was justified. See, e.g., Snow, 337 Or at 223 (holding exigency exists when situation requires police to act swiftly to prevent destruction of evidence). In this case, the officer who conducted the search testified at trial that it would have taken him three hours to write a warrant application and two hours to get authorization from an on-call district attorney to seek judicial approval, after which he would have had to go to a judge’s residence to get the warrant signed. Those are facts from which the trial court could have found an exigency and that could have served as the basis for denial of defendant’s motion to suppress.[2] Although the trial court did not expressly cite that evidence as a basis for its ruling, the delay to which the officer testified could support it. I therefore concur with the result that the majority reaches and would affirm the trial court’s judgment.

 See Zachary M. Seward, The First Mobile Phone Call Was Made 40 Years Ago Today, The Atlantic, (Apr 3, 2013), available at http://www.theatlantic.com/ technology/archive/2013/04/the-first-mobile-phone-call-was-made-40-years-ago-today/274611/ (accessed Mar 7, 2017).

 I do not mean to imply that that is the only conclusion that a trial court could have reached. The delay that gives rise to an exigency must be reasonable. See Stevens, 311 Or at 130 (noting that case was not one in which delay was unreasonable). Washington County may not provide for telephonic or other electronic search warrants, see State v. Sullivan, 265 Or App 62, 65, 333 P3d 1201 (2014) (officer testified that telephone warrants not available in Washington County), and, in a future case, a trial court could find that an officer’s failure to use statutorily-authorized and widely-available technology was unreasonable and precluded a finding of exigent circumstances.